# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Rev 2020)

| Court Identification | Docket # | | | | |
|---|---|---|---|---|---|
| County # | Judicial District | Court ID (CH, CI, CO) | Filed Case Year | Docket Number | Local Docket ID |
| 30 | | CO | 2021 | 20563 | |

Month/Date/Year: 05/19/21

In the **County** Court of **Jackson** County — **III** Judicial District

### Origin of Suit
[X] Initial Filing  [ ] Reinstated  [ ] Foreign Judgment Enrolled  [ ] Transfer from Other court  [ ] Other
[ ] Remanded  [ ] Reopened  [ ] Joining Suit/Action  [ ] Appeal

### Plaintiff
Individual: Last Name: **Batiste**  First Name: **Constance**

Address of Plaintiff: [redacted] 3631 Hemlock, Moss Point, MS 39563
Attorney (Name & Address): 3318 Pascagoula St, Pascagoula, MS 39567   MS Bar No. 100783
Matthew Lott
Signature of Individual Filing: [signature]

### Defendant
Business: **Wal-Mart Stores East, L.P.**

### Nature of Suit
**Torts** — [X] Premises Liability

DEFENDANT'S EXHIBIT A

COUNTY - CIVIL    HANDED ✓    MAY 19

Case 1:30-cv-63858-20563MAILED Document Date: Filed 05/19/2021 Page 2 of 2

Received Of _Matthew Lott_

Cause No. _2021-20563_

For: Clerk's Fees .................. $85.00
    JSO Fund .................... $40.00
    Steno Tax ................... $10.00
    Jury Tax ..................... $3.00
    Law Library .................. $2.50
    SCEF ......................... $2.00
    Court Adm. Fund .............. $2.00
    CECSF ....................... $10.00
    CLAF ......................... $5.00
    SCCF ......................... $0.50
    RM FEE ....................... $1.00
    Copy of Summons Return .....
    Other Advance Cost .........
    TOTAL ..................... $ Hol. @ Atty

Total Amount Paid $ _Hol. @_    Check No. _201_

For _Complaint_

RANDY CARNEY
CIRCUIT CLERK OF JACKSON COUNTY

By _____
DEPUTY CIRCUIT CLERK

# IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| CONSTANCE BATISTE | **FILED** | PLAINTIFF |
| VS. | MAY 19 2021 | CAUSE NO.: 2021-20563 |
| WAL-MART STORES EAST, L.P. | RANDY CARNEY, CLERK<br>BY _____ D.C. | DEFENDANT |

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW, Constance Batiste (hereinafter "Plaintiff" or "Ms. Batiste"), by and through counsel of record, Lott Law Firm, and files this Complaint against Defendant, Wal-Mart Stores East, L.P. (hereinafter "Wal-Mart" and/or "Defendant"), and in support thereof, states as follows:

### I. Parties

1. Plaintiff, Constance Batiste, is an adult citizen of Jackson County, Mississippi, currently residing at 3631 Hemlock Ave., Moss Point, MS 39563.

2. Defendant, Wal-Mart Stores East, L.P. is a foreign corporation, incorporated under the laws of Delaware. The registered agent for this corporation is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Wal-Mart Stores East, L.P. owns and/or operates the Wal-Mart Supercenter located in Pascagoula, Mississippi.

### II. Jurisdiction and Venue

3. Pursuant to Miss. Code Ann. § 9-7-81, et seq., jurisdiction is appropriate in the County Court of Jackson County, Mississippi as this action is civil in nature and within the applicable limits of alleged damages.

1

4. Pursuant to Miss. Code Ann. § 11-11-3, venue is proper in the County Court of Jackson County, Mississippi as a substantial act or omission giving rise to the claims asserted below occurred in Jackson County, Mississippi.

### III. Factual Allegations

5. Plaintiff re-alleges and incorporate by reference the allegations of paragraphs 1 through 4 as though fully set forth herein.

6. On or about October of 2020, Plaintiff was shopping at the Wal-Mart Supercenter located in Pascagoula, Mississippi. Ms. Batiste went into the store for normal shopping when she checked out and exited the building the automatic doors closed on her causing injury to her shoulder and arm. To extricate herself, the Plaintiff had to push on the door to reopen further injuring her arm and shoulder. Ms. Batiste's injuries are a direct result of Wal-Mart failing to adhere to their legal duty under the premises liability laws, wherein they are required to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or warn of dangerous conditions not readily apparent, which owner or occupant knows of, or should know of in the exercise of reasonable care.

7. The store was clearly open for business and employees and the doors did not operate in a proper manner.

8. Ms. Batiste also assumed that the door was free of defects.

9. After Ms. Batiste was slammed by the door, she immediately experienced severe and traumatic shoulder and arm pain resulting in nerve damage. Ms. Batiste has been treating with her physicians and is slowly recovering from her injuries but may never be able to fully recover to her pre-injury condition. This injury has severely affected her day to day living and ability to

2

perform tasks.

10. Wal-Mart employees were aware of the hazards and/or should have been aware of the hazard and failed to correct it.

12. Ms. Batiste filed a claim and Wal-Mart responded by stating they are not responsible for her injuries.

### IV. Count I
### Negligence

13. Defendant owed a duty to Ms. Batiste to keep its premises in a reasonably safe condition and to warn of dangerous conditions which were not readily apparent. The condition was not readily apparent.

14. Wal-Mart either created or had actual and/or constructive knowledge of the dangerous condition which proximately caused Ms. Batiste's injuries.

15. In not warning Ms. Batiste of the dangerous condition, Wal-Mart breached its duty to the Plaintiff.

16. As a result of the breach, Ms. Batiste suffered severe injuries which has or will result in medical intervention and therapy.

17. Therefore, Wal-Mart is liable for those damages proximately caused by the breach of its duty as a premise owner and/or operator.

### V. Damages

18. As a direct result of Defendant's negligence, Ms. Batiste has incurred the following damages:

    A. Severe injuries to her shoulder and arm;

    B. Medical expenses associated with her injuries;

3

C. Mental anguish and emotional distress;

D. Pain and suffering;

E. Permanent disability;

F. Loss of enjoyment of life;

G. Future medical expenses:

H. Inability to perform job and home duties resulting in lost wages and household services.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendant as outlined above in the amount not less than $75,000.00, in addition to reasonable attorney's fees, court costs, pre- and post-judgment interest, and expenses associated with commencement and prosecution of this action.

This the ___ day of May, 2021.

CONSTANCE BATISTE

By and through counsel of record:

_____
Matthew S. Lott (MSB #100783)
The Lott Law Firm
3318 Pascagoula St.
P.O. Box 1708
Pascagoula, MS 39568
Ph. 228-215-2787
Fax: 228-284-1893
matt@mattlottlaw.com

4

Case: 30CO1:21-cv-20563-MW   Document #: 3   Filed: 05/19/2021   Page 1 of 1

## IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI

CONSTANCE BATISTE          PLAINTIFF

VS.          CAUSE NO.: 2021-20563

WAL-MART STORES EAST, L.P.          DEFENDANT

STATE OF MISSISSIPPI

COUNTY OF JACKSON

### RULE 4 SUMMONS

TO: WAL-MART STORES EAST, L.P.
    by and through their Registered Agent
    CT Corporation System
    645 Lakeland East Drive, Suite 101
    Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

### THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to **MATTHEW S. LOTT**, with the LOTT LAW FIRM, P. O. BOX 1708, PASCAGOULA, MS 39568. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment of default will be entered against you for the money or other things demanded in the complaint. **You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.**

Issued under my hand and the seal of said Court this the 19th day of MAY, 2021.

Cheryl Shibert DC
RANDY CARNEY
Circuit Clerk of Jackson County, Mississippi
P.O. Box 998
Pascagoula, MS 39568



## PROOF OF SERVICE

| Case: 2021-20563 | Court: COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI | County: JACKSON | Job: 5699618 (Batiste v. Walmart) |
|---|---|---|---|
| Plaintiff / Petitioner: CONSTANCE BATISTE | | Defendant / Respondent: WAL-MART STORES EAST, L.P. | |
| Received by: Quantum Process, LLC | | For: Lott Law Firm | |
| To be served upon: WAL-MART STORES EAST, L.P. c/o CT Corporation System, Registered Agent | | | |

WAL-MART STORES EAST, L.P. c/o CT Corporation System, Registered Agent Name of Person or Entity Served

I, Terry Keith, served the RULE 4 SUMMONS AND COMPLAINT upon the person or entity named above in the manner set forth below:

**PERSONAL SERVICE.** I personally delivered copies to Matt Thibodeaux, Legal Assistant, on May 21, 2021 at 9:54 am, where I found said person(s) in the County of RANKIN MS.

Address where served: 645 LAKELAND EAST DR, STE 101, FLOWOOD, MS 39232

At the time of service I was at least 18 years of age and not a party to this action.

Personally appeared before me the undersigned authority in and for the state of County aforesaid, the within named Terry Keith who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

Adopted effective March 1, 1985; amended effective May 2, 1985, amended March 17th 1995.

Terry Keith      05/21/2021
                 Date

Quantum Process, LLC
418 Pittman Rd.
Ellisville, MS 39437
(601)800-2004

State of MS
County of JONES
Subscribed and sworn to before me, a notary public

Notary Public

Commission Expires

ID: 5699618
Client Reference: Batiste v. Walmart

## IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI

CONSTANCE BATISTE                                                          PLAINTIFF

VS.                                                         CAUSE NO.: 2021-20563

WAL-MART STORES EAST, L.P.                            DEFENDANT

STATE OF MISSISSIPPI

COUNTY OF JACKSON

### RULE 4 SUMMONS

TO: WAL-MART STORES EAST, L.P.
     by and through their Registered Agent
     CT Corporation System
     645 Lakeland East Drive, Suite 101
     Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

## THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to **MATTHEW S. LOTT**, with the **LOTT LAW FIRM, P. O. BOX 1708, PASCAGOULA, MS 39568**. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment of default will be entered against you for the money or other things demanded in the complaint. **You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.**

Issued under my hand and the seal of said Court this the 19th day of MAY, 2021.

                                                          Cheryl Gilbert DC
                                                          RANDY CARNEY
                                                          Circuit Clerk of Jackson County, Mississippi
                                                          P.O. Box 998
                                                          Pascagoula, MS 39568



IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| CONSTANCE BATISTE | **FILED** | PLAINTIFF |
| VS. | MAY 19 2021 | CAUSE NO.: 2021-20563 |
| WAL-MART STORES EAST, L.P. | RANDY CARNEY, CLERK<br>BY _____ D.C. | DEFENDANT |

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW, Constance Batiste (hereinafter "Plaintiff" or "Ms. Batiste"), by and through counsel of record, Lott Law Firm, and files this Complaint against Defendant, Wal-Mart Stores East, L.P. (hereinafter "Wal-Mart" and/or "Defendant"), and in support thereof, states as follows:

### I. Parties

1. Plaintiff, Constance Batiste, is an adult citizen of Jackson County, Mississippi, currently residing at 3631 Hemlock Ave., Moss Point, MS 39563.

2. Defendant, Wal-Mart Stores East, L.P. is a foreign corporation, incorporated under the laws of Delaware. The registered agent for this corporation is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Wal-Mart Stores East, L.P. owns and/or operates the Wal-Mart Supercenter located in Pascagoula, Mississippi.

### II. Jurisdiction and Venue

3. Pursuant to Miss. Code Ann. § 9-7-81, et seq., jurisdiction is appropriate in the County Court of Jackson County, Mississippi as this action is civil in nature and within the applicable limits of alleged damages.

4.    Pursuant to Miss. Code Ann. § 11-11-3, venue is proper in the County Court of Jackson County, Mississippi as a substantial act or omission giving rise to the claims asserted below occurred in Jackson County, Mississippi.

### III. Factual Allegations

5.    Plaintiff re-alleges and incorporate by reference the allegations of paragraphs 1 through 4 as though fully set forth herein.

6.    On or about October of 2020, Plaintiff was shopping at the Wal-Mart Supercenter located in Pascagoula, Mississippi. Ms. Batiste went into the store for normal shopping when she checked out and exited the building the automatic doors closed on her causing injury to her shoulder and arm. To extricate herself, the Plaintiff had to push on the door to reopen further injuring her arm and shoulder. Ms. Batiste's injuries are a direct result of Wal-Mart failing to adhere to their legal duty under the premises liability laws, wherein they are required to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or warn of dangerous conditions not readily apparent, which owner or occupant knows of, or should know of in the exercise of reasonable care.

7.    The store was clearly open for business and employees and the doors did not operate in a proper manner.

8.    Ms. Batiste also assumed that the door was free of defects.

9.    After Ms. Batiste was slammed by the door, she immediately experienced severe and traumatic shoulder and arm pain resulting in nerve damage. Ms. Batiste has been treating with her physicians and is slowly recovering from her injuries but may never be able to fully recover to her pre-injury condition. This injury has severely affected her day to day living and ability to

2

perform tasks.

10. Wal-Mart employees were aware of the hazards and/or should have been aware of the hazard and failed to correct it.

12. Ms. Batiste filed a claim and Wal-Mart responded by stating they are not responsible for her injuries.

## IV. Count I
### Negligence

13. Defendant owed a duty to Ms. Batiste to keep its premises in a reasonably safe condition and to warn of dangerous conditions which were not readily apparent. The condition was not readily apparent.

14. Wal-Mart either created or had actual and/or constructive knowledge of the dangerous condition which proximately caused Ms. Batiste's injuries.

15. In not warning Ms. Batiste of the dangerous condition, Wal-Mart breached its duty to the Plaintiff.

16. As a result of the breach, Ms. Batiste suffered severe injuries which has or will result in medical intervention and therapy.

17. Therefore, Wal-Mart is liable for those damages proximately caused by the breach of its duty as a premise owner and/or operator.

## V. Damages

18. As a direct result of Defendant's negligence, Ms. Batiste has incurred the following damages:

    A. Severe injuries to her shoulder and arm;

    B. Medical expenses associated with her injuries;

3

Case 3:00-cv-00122-1-cv-205563-MWV   Document # 422   Filed 05/19/2021   Page 4 of 14

    C.    Mental anguish and emotional distress;

    D.    Pain and suffering;

    E.    Permanent disability;

    F.    Loss of enjoyment of life;

    G.    Future medical expenses;

    H.    Inability to perform job and home duties resulting in lost wages and household services.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendant as outlined above in the amount not less than $75,000.00, in addition to reasonable attorney's fees, court costs, pre- and post-judgment interest, and expenses associated with commencement and prosecution of this action.

This the ____ day of May, 2021.

CONSTANCE BATISTE

By and through counsel of record:

_____
Matthew S. Lott (MSB #100783)
The Lott Law Firm
3318 Pascagoula St.
P.O. Box 1708
Pascagoula, MS 39568
Ph. 228-215-2787
Fax: 228-284-1893
matt@mattlottlaw.com

4